**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000148
27-JUN-2018
12:01 PM**

NO. CAAP-17-0000148

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
PAULO I. NOGA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTC-16-016314)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., Leonard and Reifurth, JJ.)

Defendant-Appellant Paulo I. Noga (**Noga**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on February 15, 2017, in the District Court of the First Circuit, Honolulu Division (**district court**).[1]  Following a bench trial, the district court convicted Noga of excessive speeding, in violation of Hawaii Revised Statutes (**HRS**) § 291C-105(a)(1) (2007).[2]

On appeal, Noga asserts the following points of error: (1) the charge was insufficient because it failed to allege the essential element that the offense took place upon a highway; and

---

[1]  The Honorable Rebecca A. Copeland presided.

[2]  HRS § 291C-105(a)(1) provides: "No person shall drive a motor vehicle at a speed exceeding . . . [t]he applicable state or county speed limit by thirty miles per hour or more[.]"

(2) the district court erred in admitting the testimony of Officer Jason Mike (**Officer Mike**) as to the radar gun speed reading where the State failed to lay the requisite foundation for admission of his testimony.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve Noga's points of error as follows, and affirm.

**(1) Sufficiency of the charge.** Noga did not object to the charge while the case was before the district court. We therefore apply the "liberal construction" standard. State v. Tominiko, 126 Hawai'i 68, 76, 266 P.3d 1122, 1130 (2011). Under the liberal construction standard, "we will not reverse a conviction based upon a defective [charge] unless the defendant can show prejudice or that the [charge] cannot within reason be construed to charge a crime." Id.

In State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170 (2009), the Hawai'i Supreme Court noted that:

> this court [has] recognized the general principle that in determining whether a defendant has been adequately informed of the charges against him, the appellate court can consider other information in addition to the charge that may have been provided to the defendant during the course of the case up until the time defendant objected to the sufficiency of the charges against him.

Id. at 396, 219 P.3d at 1183; see also State v. Hitchcock, 123 Hawai'i 369, 379, 235 P.3d 365, 375 (2010).

Here, because Noga challenged the sufficiency of the charge for the first time on appeal, we consider the information provided to him during the course of the case while it was before the district court. In this regard, Noga's citation indicated that the location of the offense was "H1 EB / Punchbowl Off." Further, at trial, Officer Mike testified that he first observed Noga's vehicle as it entered the H-1 eastbound freeway coming from the Likelike Highway on-ramp. Officer Mike testified that he followed Noga's vehicle until the Punchbowl off-ramp, during which he obtained a radar speed reading of Noga's vehicle.

2

Based on the information provided to Noga during the trial court proceedings, he was informed that the offense was alleged to have occurred on the H-1 freeway. Noga's first point of error thus lacks merit.

**(2) Admission of the radar speed reading.** During trial in this case, Officer Mike testified that his vehicle was equipped with a Stalker DSR radar and that between the Vineyard on-ramp and the Punchbowl off-ramp, Noga's vehicle was measured going 75 miles per hour in an area where the speed limit is 45 miles per hour. Although Noga contends on appeal that the district court erred in admitting Officer Mike's testimony regarding the radar speed reading, Noga did not object to this testimony at trial. Specifically, Noga did not object when Officer Mike testified to the 75 miles per hour radar speed reading, nor did Noga argue at any point that the radar speed reading was inadmissible. Thus, Noga has waived his challenge to admission of the radar speed reading. See State v. Vliet, 91 Hawai'i 288, 298-99, 983 P.2d 189, 199-200 (1999); State v. Wallace, 80 Hawai'i 382, 409-10, 910 P.2d 695, 722-23 (1996); State v. Winfrey, No. 28737, 2009 WL 4988719 (SDO) (Haw. Dec. 22, 2009); State v. Duran, No. 30047, 2010 WL 2914377 (SDO) (Hawai'i App. Jul. 27, 2010).

At most, Noga objected when the prosecutor was asking questions about Officer Mike's training and asked about his knowledge of the Stalker DSR radar manufacturer's recommendations or requirements regarding training. The defense objection arose as follows:

> [THE STATE]: Can you please describe -- before you tell us exactly what you were training with, can you please first tell us what the manufacturer of the device requires for someone to be trained to use the device?
>
> [OFFICER MIKE]: It's 40 hours of training that consist on [sic] hands-on training. It goes into different theories of the radar, goes over case law as well, and then on top of having a proficiency, being able to properly use the radar with the master instructor in the vehicle to certify that you can use the radar up to proficiency.
>
> [THE STATE]: Okay. And how do you know that -- or how do you know what the manufacturer's recommendations or

3

requirements are regarding the training for someone to be able to use the device?

[OFFICER MIKE]:  They had a manual and they --

[DEFENSE COUNSEL]:  Objection, your honor.  This is hearsay.  Lack of personal knowledge.  Best evidence. Foundation.

(Emphasis added).  After further argument, the district court overruled Noga's objection "for now."  Officer Mike further testified that "we had a manual that was given in the class on top of the Stalker representative who's actually one of the hands-on manufacturers and the technical experts [who] come out and teach the course."  Officer Mike testified that what the representative said and what the manual said coincided.

Hawaii Rules of Evidence (**HRE**) Rule 104 provides, in pertinent part:

> **Rule 104  Preliminary questions.**  (a) Questions of admissibility generally.  Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subsection (b).  In making its determination the court is not bound by the rules of evidence except those with respect to privileges.
>
> (b) Relevancy conditioned on fact.  When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

See also HRE Rule 1101(d)(1).

In State v. Gonzalez, 128 Hawaiʻi 314, 288 P.3d 788 (2012), the Hawaiʻi Supreme Court recognized that the trial court had not abused its discretion to conclude that an LTI laser gun's manual was provided by the manufacturer where the police officer who used the laser gun testified that he possessed a manual "from LTI[.]"  Id. at 325-26, 288 P.3d at 799-800.  The supreme court explained:

> [d]efendant cannot establish that the court abused its discretion by ruling that the laser gun's accuracy was tested according to procedures recommended by the manufacturer, as several facts in the record support this conclusion.  See [State v. Assaye, 121 Hawaiʻi 204, 210, 216 P.3d 1227, 1233 (2009)] ("When a question arises regarding the necessary foundation for the introduction of evidence, the determination of whether proper foundation has been

4

established lies within the discretion of the trial court, and its determination will not be overturned absent a showing of clear abuse."). It is undisputed that Officer Franks possessed a manual that recommended four procedures to verify the accuracy of the laser gun, and that Officer Franks did in fact observe those procedures. <u>The only issue is whether the State demonstrated that the manual containing the procedures was provided by LTI, the laser gun's manufacturer. Officer Franks testified at trial that the manual was "from [LTI]." Further, on cross-examination, Officer Franks related that the manual bore the LTI copyright, that it was reviewed by LTI personnel, and that information provided by the same LTI personnel was "covered in the manual we use to train on."</u> Based on this testimony, it was within the court's discretion to conclude that the manual was provided by the manufacturer and, therefore, the procedures contained therein were recommended by the manufacturer.

This conclusion is not altered by Defendant's contention that some parts of Officer Franks' testimony-his testimony that the manual was reviewed by LTI personnel and that LTI personnel provided similar information to that covered in Officer Franks' manual-were inadmissible hearsay. Although the transcript provides few details, it appears that the evidence adduced was not hearsay. The testimony that LTI personnel "reviewed" the manual, is not hearsay because in reviewing the manual it does not appear that the LTI personnel intended to communicate any assertion regarding the manual. <u>See</u> Commentary to Hawai'i Rules of Evidence (HRE) Rule 801 (2011) ("[M]uch nonverbal conduct, although tending logically to prove the actor's belief in an event or condition, is not motivated by the intent to assert that belief and should not be considered hearsay.").

Further, the assertion that the information provided by LTI representatives corresponded to the information in the manual was offered not for the truth of the matter asserted, but only to prove the similarity between information provided by LTI personnel and information contained in the manual. Because the only significance of the statement was the fact that it was made, the statement does not fall within the scope of the hearsay rule. <u>See</u> <u>Island Directory Co. v. Iva's Kinimaka Enterprises</u>, 10 Haw.App. 15, 21, 859 P.2d 935, 939 (1993) ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay.").

<u>Id.</u> (emphasis added).

Given the record in this case, HRE Rule 104(a), and the discussion in <u>Gonzalez</u> set forth above, we conclude that the district court did not abuse its discretion in allowing Officer Mike to testify about the Stalker DSR radar manual in this case.

Therefore, IT IS HEREBY ORDERED that Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on February 15,

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

2017, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, June 27, 2018.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
(assisting on the briefs,
Shay F. Shibata, Law
Student Intern),
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

6